# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Quientin Etheridge, ) | | |
|                     Plaintiff, ) | Civil Action No.: 3:26-cv-01051-CMC | |
| vs. ) | **COMPLAINT** | |
| United States Postal Service, ) | | |
|                     Defendant ) | | |

COMES NOW, Quientin Etheridge, hereinafter known as Plaintiff, and files this negligence action for tortious acts committed by the United States Postal Service, hereinafter known as Defendant, as more fully set forth herein:

## PARTIES JURISDICTION AND VENUE

1. The Plaintiff, Quientin Etheridge, is a citizen and resident of the County of Richland, State of South Carolina.

2. Upon information and belief, Elizabeth Cassandra Myers is a citizen and resident of Richland County, South Carolina.

3. Upon information and belief, at all times pertinent hereto, Elizabeth Cassandra Myers is or was an employee/agent of the United States Postal Service.

4. The United States Postal Service is a proper defendant under the provisions of 28 U.S.C. § 1346 (the Federal Tort Claims Act), hereinafter referred to as the FTCA. Pursuant to the FTCA, the United States is subject to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment,

under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omissions occurred."

5. This court has jurisdiction of the matter pursuant to 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2675; 39 U.S.C. § 409.

6. Venue is proper because the acts and omissions which are the subject of the complaint occurred in the District of South Carolina, in Richland County.

## FACTUAL BACKGROUND

7. On the afternoon of March 16, 2024, the Plaintiff, Quientin Etheridge, was riding in the front passenger seat while his aunt, Mary Perry, was driving her vehicle outbound in the left lane on Devine Street in Columbia, South Carolina.

8. At the same time, Elizabeth Cassandra Myers was operating a United States Postal Service vehicle.

9. Ms. Myers was parked on the right side of Devine and, as she pulled away, she negligently and carelessly made a turn, hitting the vehicle in which the Plaintiff was a passenger.

10. As a direct and proximate result of the collision, Plaintiff Etheridge sustained significant bodily injuries for which he has had and continues to receive medical treatment, including hours of physical therapy, chiropractic care, painful injections, and a referral for surgery.

11. As a result of the collision, Plaintiff Etheridge has incurred significant medical expenses and has experienced lost wages, pain and suffering, loss of enjoyment of life, lost income, fear and fright, and mental and emotional anguish.

12. Plaintiff Etheridge has suffered significant interruption to his daily activities

because of chronic pain and weakness in his neck, which was directly and proximately caused by the collision.

13. The injuries have caused Plaintiff Etheridge pain and have compromised his enjoyment of life and ability to perform the daily tasks associated with independent living.

14. On May 20, 2024, Plaintiff, Quientin Etheridge, through his attorney, submitted an administrative claim for personal injury on Standard Form 95, accompanied by a Letter of Representation to the General Law Service Center, USPS National Tort Center via Certified Mail. A USPS agent signed for this claim on June 11, 2024.

15. On July 8, 2025, Plaintiff, through his attorney, submitted an amended administrative claim for personal injury on Standard Form 95, as well as Plaintiff's medical bills for treatment of his injuries to the General Law Service Center, USPS National Tort Center. The USPS acknowledged receipt of the claim via a letter to Plaintiff's lawyer dated August 5, 2025.

16. On September 10, 2025, Plaintiff, through his attorney, submitted a second amended administrative claim for personal injury on Standard Form 95 (Exhibit 1), accompanied by a narrative and timeline as well as Plaintiff's complete medical records and bills to the General Law Service Center, USPS National Tort Center. The USPS acknowledged receipt of the second amended claim via a letter to Plaintiff's lawyer dated January 30, 2026 (Exhibit 2).

17. More than six (6) months have passed since the filing and receipt of Plaintiff's Second Amended Form 95.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence/Gross Negligence/Recklessness and Negligence *Per Se*)**

18. The allegations of the foregoing paragraphs are incorporated herein as if set

forth verbatim.

19. Under the doctrine of agency/*respondeat superior*, Defendant United States Postal Service is liable for the acts and omissions of its agent/employee, Elizabeth Cassandra Myers.

20. By operating a postal service vehicle on a public road, Elizabeth Cassandra Myers had a duty of care to operate the vehicle in a safe manner so as to ensure the safety of fellow motorists.

21. By operating a postal service vehicle on a public road, Elizabeth Cassandra Myers had a duty of care to operate the vehicle in accordance with all applicable Federal and State Laws, Rules, and Regulations.

22. Defendant, by and through its agent/employee Elizabeth Cassandra Myers, breached this duty by failing to operate the postal service vehicle in a safe manner, making an improper turn, and colliding with Plaintiff's vehicle.

23. Defendant, by and through its agent/employee Elizabeth Cassandra Myers, was willful, wanton, careless, negligent, grossly negligent, negligent *per se*, and reckless in the following particulars:

    a. in failing to maintain proper control of the vehicle;

    b. in failing to observe things which a reasonable person should see;

    c. in failing to keep a proper lookout for others lawfully using the roads;

    d. in failing to exercise due care while operating the postal service vehicle, and in doing so without regard for the safety and rights of Plaintiff;

    e. in failing to observe the road and traffic conditions then and there existing;

    f. in disregarding the lawful flow of traffic by making an improper turn;

g. in driving while distracted;

h. in failing to yield the right of way to Plaintiff;

i. in failing to take reasonable and proper precautions when, if the Defendant had exercised ordinary care, the collision could have been avoided;

j. in failing to abide by the applicable statutes, rules, and regulations of the South Carolina Code of Laws, including but not limited to the following:

　　i. S.C. Code Ann. § 56-5-2920 by operating a vehicle in a manner that indicated a willful or wanton disregard for the safety of persons or property;

　　ii. S.C. Code Ann. § 56-5-2150 in failing to signal or improper signaling.

　　iii. in all further ways as discovery and/or trial may reveal.

k. in failing to abide by the applicable statutes, rules, and regulations of the Code of Federal Regulations, including but not limited to the following:

　　i. 49 C.F.R. § 392.2, which provides that "[e]very commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated;"

　　ii. in all further ways as discovery and/or trial may reveal.

l. in any other manner which may be revealed through discovery and/or proven at trial, any and all of which were the direct and proximate cause of the injuries and damages suffered by Plaintiff as described herein.

24. As a direct and proximate result of Elizabeth Cassandra Myers' negligent and grossly negligent conduct as set forth above, Plaintiff Quienten Etheridge:

    a. suffered severe injuries;

    b. suffered physical pain;

    c. suffered mental and emotional anguish and loss of enjoyment of life;

    d. suffered fear and fright;

    e. incurred and will continue to incur extensive medical bills for his treatment, including the cost of surgery;

    f. suffered loss of income;

    g. any and all other damages which may be revealed through discovery and/or proven at trial.

25. As a direct and proximate result of Elizabeth Cassandra Myer's negligent and grossly negligent conduct as described above, Plaintiff is entitled to actual and consequential damages and any and all such damages as may be revealed through discovery and/or proven at trial.

26. As a direct and proximate result of Elizabeth Cassandra Myer's negligent and grossly negligent conduct described above, Plaintiff is entitled to punitive damages.

27. Plaintiff would allege that he is entitled to any and all available damages in an amount to be determined by the finder of fact.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court order judgment against the Defendant in such an amount as this Court may determine proper, for reasonable costs associated with this action, as well as any other interest and fees to which Plaintiff and/or Plaintiff's counsel may be entitled, and for all other relief in law and equity which this Court deems just, equitable, and proper.

(Signature page to follow)

        Respectfully Submitted,

        */s/Bert Louthian*
        HERBERT W. LOUTHIAN, JR.
        (Federal ID No.: 2729)
        LOUTHIAN LAW FIRM, P.A.
        1513 Hampton Street (29201)
        Post Office Box 1299
        Columbia, SC 29202
        Phone: (803) 454-1200
        Fax: (803) 265-0914
        bert@louthianlaw.com

        ***ATTORNEY FOR PLAINTIFF***

March 12, 2026
Columbia, South Carolina